## JOHN ROSE

### v.

## FLORA E. VANDERCAR, ADMINISTRATRIX.

*Action on Lost Note—Instructions—Errors—Extent of Search Required —Original Consideration—Question for Jury.*

In an action on a lost note, alleged to have been made by the defendant's intestate, the only issue of fact being as to its genuineness, it is *held:* That many of the instructions, which were too numerous, were erroneous; that the holder was not required to make diligent search for the note " wherever it might be found;" that it was error to assume that the plaintiff " knowingly introduced to the jury false and fabricated testimony;" that the jury were improperly authorized to disregard the evidence of certain witnesses; that the suit was not for the original consideration; that it was for the jury to determine the weight of the evidence as to the genuineness of the note, and that it was error to instruct the jury that, in the absence of evidence as to what the consideration was, they might refuse to find the note genuine from evidence of handwriting alone.

[Opinion filed November 20, 1886.]

APPEAL from the Circuit Court of Fulton County; the Hon. JOHN C. BAGBY, Judge, presiding.

Messrs. BARRERE & GRANT, C. G. WHITNEY and C. F. ROB-
INSON, for appellant.

Messrs. GRAY & WAGGONER, W. S. EDWARDS and W. H.
BARNES, for appellee.

PLEASANTS, P. J. This was assumpsit by appellant against
appellee. The declaration contained a special count on a note
alleged to have been made by the deceased to plaintiff, and
the common counts. Plea, the general issue sworn to. Ver-
dict for defendant, new trial refused and judgment entered.

The only issue of fact was upon the genuineness of the note.
It was claimed to have been lost, and upon proof thereof to
the satisfaction of the court, secondary evidence of its con-
tents was received. Witnesses who had seen it, and who
claimed to have had the legal means of knowing and to know
the deceased's handwriting, differed in opinion as to the gen-
uineness of the signature, and there were circumstances in
proof tending to corroborate each. We have nothing to say
as to the weight of the evidence, but must reverse the judg-
ment for errors in the instructions given for defendant.

These instructions were needlessly and therefore danger-
ously numerous, considering the singleness of the issue. In
the abstract they are not numbered, but judging from the par-
agraphs and subject-matter there were twenty-three exclusive
of that relating to the form of the verdict. The first assumes
that there is evidence, which does not appear, impeaching the
good faith and diligence of plaintiff's search for the note, and
the seventeenth holds him bound to show that immediately
after he claims to have lost it he instituted diligent search for
it "wherever it might be found"—a rule which would reach
an unknown thief's pocket. The eighteenth assumes the pro-
duction of evidence tending to show that plaintiff "knowingly
introduced to the jury false and fabricated testimony"—which
counsel contend, but fail to convince us, was warranted by
proof tending to show that his son in fact testified falsely.
The jury are authorized to disregard entirely, except so far as
it may be duly corroborated, the testimony of some new classes

of witnesses : as those who are said to have been successfully impeached " by proof of having made different statements at other times" (No. 10); who have testified to any material fact that they did not swear to when witnesses on a former trial of the same cause and whose late statement of it is false, fabricated or untrue (No. 21); or who are shown to be persons "of bad reputation for truth and veracity in the neighborhood where they reside" (No. 13). It is to be presumed that court and counsel well understood that the generality of such reputation and the wilfulness of such misstatements are material elements in these cases respectively and that they were omitted through haste and inadvertence.

The 7th is " that a promissory note is only evidence of an existing indebtedness from the maker to the payee, and that in case of the loss of a note a party may sue and recover for the original consideration of the note, in a suit brought for that purpose." This suit was not for the original consideration, but distinctly upon the note. It would have been improper for the plaintiff to offer evidence in chief upon the issues made on the original consideration. The instruction was therefore irrelevant, yet may have suggested to a jury that as against an administrator he ought to prove the consideration, and that no injustice would be done him if he were remitted to the suit referred to in it. If it had been intended and proper to say that although positive proof of a want of consideration would be wholly unavailing in case the genuineness of the note were shown, yet such proofs, if made, might be considered in connection with other evidence as tending to show it was not genuine, this was not a proper way to say it. The 16th is to the same effect. Further use of the same idea was improperly made, for in the 22d it is said that, to prove its genuineness, it was competent for the plaintiff to prove what it was given for, and that if no such proof has been offered, but only the opinion of witnesses as to the handwriting of the deceased, the jury " may disregard such evidence and refuse to find the note to be genuine from that evidence alone, if they find the same to be weak, unsatisfactory and not convincing," and then the 23d and last told them as

matter of law that without proof of consideration such evidence was weak, unsatisfactory and not convincing—the language being " that such evidence is of a character little worthy of credence, and in the absence of evidence as to what the alleged note was given for, the jury may refuse to find the al'eged note to be genuine from such evidence of handwriting alone."

It can hardly be necessary to cite authority to show that this was a clear invasion of the province of the jury. There was nothing in the conduct or position of the witnesses, as set forth in these instructions or in the nature of their testimony, that would authorize the jury to disregard it. They were not bound to believe it, but were bound to consider it, and upon its consideration to determine for themselves whether it was fit to be believed. The error of the court in thus discrediting it was so serious as to entitle the plaintiff to a new trial, even if we were of opinion that the verdict was right. The judgment will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*